IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUANTAVIOUS STODDART, <br> AIS 313973, <br><br> Plaintiff, <br><br> v. <br><br> INVESTIGATOR DODSON, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:22-CV-490-MHT-KFP <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Quantavious Stoddart, an inmate proceeding pro se and in forma pauperis, is confined at the Kilby Correctional Facility in Mt. Meigs, Alabama. Stoddart filed this action for $1.5 million in damages using this Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. 1. Investigator Dodson of the Dothan Police Department is the named defendant. *Id*. After review and consideration of Stoddart's filing, the undersigned RECOMMENDS this case be DISMISSED for the reasons set forth below.

**II.   STANDARD OF REVIEW**

Because the Court granted Stoddart leave to proceed in forma pauperis (*see* Doc. 8), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). To state a claim

upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

### III.  FACTUAL ALLEGATIONS

Stoddart alleges that on September 26, 2018, Dodson provided false information to a Magistrate Judge to secure a warrant for his arrest on a charge of armed robbery. Doc. 1 at 3. Specifically, he claims Dodson falsely stated in a written deposition that Stoddart's DNA was completed and that multiple firearms and ammunition were recovered and sent to the Alabama Department of Forensics. *Id.* At trial, however, Dodson testified that he

2

never recovered any guns and never received DNA back from the State. *Id.* Stoddart maintains Dodson could therefore "not conclusively identify Plaintiff" and the trial court erred in denying his motion for judgment of acquittal. *Id.*

Stoddart asserts claims for false arrest and false imprisonment based on Dodson's conduct in allegedly supplying false information in a sworn deposition to obtain an arrest warrant. Doc. 1 at 2–3. The Court interprets Stoddart's claims to allege that Dodson deliberately included false information in charging documents to support unjustified charges against him. *Id.*

## IV. DISCUSSION

Public records from the Alabama Trial Court System[1] reflect that Stoddart was arrested on March 15, 2018, on a warrant for first degree robbery. *See State v. Stoddart*, DC-2018-1034. A Houston County grand jury issued an indictment against Stoddart for this offense on July 19, 2018, and he entered a plea of not guilty and waiver of arraignment on September 5, 2018. *See State v. Stoddart,* CC-2018-2137. The Court takes judicial notice of these public records. *See Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012) (holding that "[a] district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records") (*citing* Fed. R. Evid. 20(b); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)).

---

[1] Hosted at www.alacourt.com (last visited March 1, 2023).

Although Stoddart's claims for false arrest and false imprisonment stem from an allegedly faulty warrant, his claims are fairly construed as a Fourth Amendment malicious prosecution claim. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (quotation marks and citations omitted) (explaining that "[t]his Circuit has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort under § 1983"); *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (holding that "[t]he issuance of a warrant—even an invalid one as [the plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest"). In *Heck v. Humphrey*, the United States Supreme Court distinguished false arrest from malicious prosecution, stating, "[U]nlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process." 512 U.S. 477, 484 (1994).

Stoddart does not presently state a claim for relief. The Fourth Amendment malicious prosecution standard requires that "'a plaintiff must prove (1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in his favor.'" *Washington v. Howard*, 25 F.4th 891, 898 (11th Cir. 2022) (quoting *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020)); *Williams v. Aguirre,* 965 F.3d 1147, 1157 (11th Cir. 2020) (internal quotation marks and citation omitted) (explaining that to state a claim for malicious prosecution under § 1983, a plaintiff must allege that defendants "instituted or continued a criminal prosecution against him, with malice and without probable cause, that terminated

4

in his favor and caused damage to him."); *see also Grider*, 618 F.3d at 1256 (citation omitted) (noting that "[t]he elements under Alabama law for the common-law tort of malicious prosecution are the same, except that they require only a 'judicial proceeding' not a 'criminal prosecution'").

State court records show that a jury convicted Stoddart of first degree robbery on October 19, 2021. *See State v. Stoddart,* CC-2018-2137. The trial court sentenced Stoddart on February 8, 2022, to life imprisonment, and his current detention is based on that judgment.[2] *Id.* Stoddart therefore fails to state a claim for malicious prosecution, as an element of this tort requires a showing that the criminal proceedings terminated in his favor. A § 1983 action seeking damages for an unconstitutional conviction or confinement pursuant to legal process cannot be pursued unless the underlying criminal conviction or sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *See Heck,* 512 U.S. at 483–89; *see also McDonough v. Smith*, 139 S. Ct. 2149, 2153–54 (2019) (revisiting *Heck* and determining that a claim for fabricating evidence in a criminal prosecution accrued upon acquittal and not when the knowing use of fabricated evidence first caused some deprivation of liberty for the plaintiff); *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (noting that "the *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been . . . invalidated; . . . *Heck* "delays what would otherwise be the accrual date of a tort action until the setting

---

[2] *See* http://www.doc.state.al.us/InmateSearch (last visited March 1, 2023).

aside *of an extant conviction* which success in that tort action would impugn.") (emphasis in original).

Here, Stoddart has not shown that his conviction for first degree robbery has been terminated in his favor. Thus, allowing him to proceed would necessarily impugn this conviction and run afoul of the *Heck* "favorable termination" rule. *See Heck*, 512 U.S. at 484; *see also Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U.S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed[] [are] not cognizable under § 1983"). "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citations omitted).

Under the circumstances of this case, *Heck* and its progeny bar Stoddart's assertion of any § 1983 claims—regardless of the relief sought—that would effectively constitute a collateral attack on the validity of his underlying first degree robbery conviction. *Heck*, 512 U.S. at 489; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995). Consequently, Stoddart's claims do not provide a basis on which relief may be granted at this time and are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Complaint be DISMISSED without prejudice before service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further ORDERED that on or before **March 21, 2023**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 7th day of March, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE